**FREDSON STATMORE BITTERMAN, LLC**
Ronald W. Solares, Esq.
Attorney ID: 072762013
200 Broadacres Drive, Suite 180
Bloomfield, NJ 07003-3156
Attorney for Plaintiff
File #: 26405

| | |
|---|---|
| ERIKA MASINGILL-MADSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>FODAY TURAY, RYDER TRUCK RENTAL INC.,RYDER TRANSPORTATION SERVICES, PFG TRANSCO, INC., KENNETH O. LESTER CO, INC., PERFORMANCE FOOD GROUP, INC. JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO: ESX-L-9502-21<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Erika Masingill-Madsen, residing at 5 Warwick Dr. in the Township of Manalapan, County of Monmouth, state of New Jersey, complaining of the defendant(s) states as follows:

### FIRST COUNT

1. On or about 12/28/2020, plaintiff was the passenger in an automobile.

2. At that time and place the Defendant, Foday Turay was the driver of a motor vehicle owned by Defendant, Ryder Truck Rental, a company transacting business in Essex County NJ.

3. Upon information and belief, Defendant, Foday Turay, was the employee of Defendants PFG, Transco, Inc., Kenneth O. Lester Co, Inc., and/or Performance Food Group, Inc., companies transacting business in Essex County NJ.

4. As a result of the negligence of the Defendant(s), a motor vehicle accident occurred in

the Borough of Netcong, County of Morris, state of New Jersey.

5. As a result of the aforementioned accident, injuries were suffered by the Plaintiff.

6. As a result of the negligence aforesaid, Plaintiff suffered severe injuries of both a temporary and permanent nature, endured great pain and suffering, was required to seek and obtain medical care and treatment in an effort to relieve pain and cure injuries and was otherwise incapacitated from activities.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) jointly, severally or in the alternative for bodily injury damages including but not limited to medical costs, expenses, interest and cost of suit.

## TRIAL DESIGNATION

Andrew L. Statmore is hereby designated as trial counsel on behalf of plaintiff(s).

## JURY DEMAND

Plaintiff demands trial by jury.

## CERTIFICATION

I hereby certify pursuant to Rule 4:5-1 that the matter in controversy is not the subject of any other action or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and no other party should be joined in this action at this time.

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to R.4:18-1, plaintiff hereby demands that you produce the following documents within 30 days from the date hereof which are in this defendant's care, custody, control, possession and/or that of their counsel.

This request is intended to cover all documents that this party is authorized to retrieve including financial documents and/or medical documents.

As used in this request, the term "document" means, without limitation, the following items whether printed or recorded or reproduced by any other mechanical process or written or produced by hand:

Agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memorandum, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or other records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultation, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, motion, releases, drafts, letters, any marginal comments appearing on any and all documents and all other writings.

These requests are continuing and include documents which may hereafter come into your actual or constructive possession, custody or control.

If a document is responsive to more than one request, it is to be noted as to which request(s) the document applies.

If you believe that any of the following requests call for the production of material to which a claim or privilege applies, for each document state:

    A.    Identify the document;

    B.    State the claim or privilege being relied upon not to produce it;

    C.    State the date and the subject matter of the document;

    D.    State the name of the person who prepared the document;

    E.    State the name of the person for whom the document was intended.

The purpose of the above is to properly identify the document so the judge who hears a motion will have appropriate reference.

## **REQUESTS**

1. Any and all written statements and/or transcription from any recorded statement(s), recording or any oral statement(s), and summaries of all interviews directly or indirectly concerning the above captioned litigation made by any of the parties to this litigation or of any witnesses to the events surrounding the subject matter accident or occurrence or the events which immediately followed thereafter.

2. All photographs, still pictures, motion pictures, video tapes, and/or any other visual depiction relating to any product, injury, location and/or other item involved in his litigation.

3. Any work orders, invoices and/or other documents relating any way to any product, service, purchase, or maintenance or any item involved in this litigation.

4. Copies of any textbook, papers, safety codes, findings and/or reports of any governmental agency or other authority with respect to the any alleged defects and/or negligent condition alleged in this litigation.

5. Copies of all written accident or investigation reports concerning this accident or occurrence.

6. Any and all copies of reports, correspondence, memoranda and writings rendered by any expert witness employed or consulted by this answering party or anyone acting on this answering party's behalf concerning this matter.

7. The complete investigative file prepared by this answering party, this party agents, servants and employees, or this party's insurance carrier.

8. Copies of any and all medical reports, records and bills generated as a result of the injuries sustained in this matter by this answering party, including all hospital and emergency rooms records.

9. Copies of all documentation evidencing a claim for lost wages.

10. A copy of the Declaration Page of the policy of insurance that insured this defendant at the time of the occurrence which gives rise to the within litigation.

11. Copies of any and all documentation other than that supplied above on which this defendant will rely at the time of trial.

12. Set forth any other litigation that this defendant has been involved in with respect to the issues raised by the plaintiff's complaint. For each set forth:

   A. The caption of the case, the location where the case pended, and a docket or identifying index number;

   B. The names of the attorneys who represented each of the parties;

   C. Any allegations as to negligence and/or warranty;

   D. Describe the occurrence of the event which gave rise to the litigation;

   E. Describe the outcome of each allegation of the plaintiff(s) in each of the litigations.

## DEMAND FOR ANSWERS TO FORM C AND C1 UNIFORM INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to R.4:17-1(b)(ii) plaintiff demands certified answers to Form C and C(1) of the Uniform Interrogatories set forth in the Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. If there are multiple defendants state each defendant's relationship to the other(s).

2. Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury? YES [ ] NO [ ]

   If the answer is "YES", state: (a) the full name, present or last known address and telephone number of the person making it; (b) the date made; (c) the purpose of each report, including, but not limited to, investigatory or accident report; (d) the field of expertise and relationship to you of the person making it; (e) whether or not it was made in the regular course of business; (f) the findings; (g) whether it was written or oral; and (h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

3. If the defendant disputes the accuracy or truthfulness of any statement in plaintiff's answers to interrogatories, or testimony at the deposition, regarding the manner or happening of the accident, state specifically which statements are disputed, what defendant claims is the true stated facts, and the basis of the defendant's knowledge or belief.

4. State if this defendant is aware of any accidents or injuries at the place of plaintiff's accident, within a ten year period prior to the plaintiff's accident and if so state the date, name of the person involved, a description of the accident, the type of injury involved, and if an attorney represented that individual.

5. If plaintiff's claim involves an injury on property, set forth the name, address, and employer of every janitor, superintendent, or other person charged with maintaining the premises where the plaintiff was injured.

6. If plaintiff's claim involves an injury on property, state how frequently the place where plaintiff was injured was inspected prior to the date of the accident.

7. If plaintiff suffered an injury as a result of ice and/or snow, state how long the condition existed prior to the date of the injury, and last time that the snow or ice was removed from the area where the accident occurred.

8. Identify every document that this defendant will be introducing at the time of trial. Describing each sufficiently so as to be the subject of a Notice To Produce. In lieu of description, attach a copy of each document.

9. If the defendants contend in any way that the injuries claimed by plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendants will rely in support of said contention. Annex hereto copies of all medical records or other documents upon which defendants will rely in support of said contention.

10. If defendants contend that plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state:

    a. The date of any and all said injuries; and

    b. The nature of any said injuries.

FREDSON STATMORE BITTERMAN, LLC

BY: _____
RONALD W. SOLARES, ESQ.

Dated: February 24, 2022