John C. Lane, Esq., ID No. 273131972
**LAW OFFICES**
**JOHN C. LANE**
48 Woodport Road, Suite 1
Sparta, New Jersey 07871
Telephone:  (973) 512-3244
Facsimile:  (973) 512-3245
Attorneys for Defendants Foday Turay, PFG Transco, Inc.,
Kenneth O. Lester Co., Inc., and Performance Food Group, Inc.
**Our File: PFG.2317**

| | |
|---|---|
| ERIKA MASINGILL-MADSEN, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ESSEX COUNTY |
| Plaintiff, | DOCKET NO.: ESX-L-9502-21 |
| v. | Civil Action |
| FODAY TURAY, RYDER TRUCK RENTAL INC., RYDER TRANSPORTATION SERVICES, PFG TRANSCO, INC., KENNETH O. LESTER CO, INC., PERFORMANCE FOOD GROUP, INC., JOHN DOE 1-10 and ABC CORP. 1-10 (names being fictitious as true identities are unknown at this time), | **ANSWER TO THE AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND DEMAND FOR STATEMENT OF DAMAGES** |
| Defendants. | **DEFENDANTS DEMAND TRIAL BY JURY** |

Defendants Foday Turay, PFG Transco, Inc., Kenneth O. Lester Co., Inc., and Performance Food Group, Inc., answering the amended complaint by and through their attorneys, Law Offices of John C. Lane, allege upon information and belief as follows:

1. Answering defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the amended complaint.

2. In answer to paragraph 2 of the amended complaint, answering defendants admit that at all material times defendant Foday Turay was the driver of a motor vehicle owned by Ryder Truck Rental, Inc.; answering defendants deny knowledge or information sufficient to form a belief as to

the remaining allegations in said paragraph 2.

3. In answer to paragraph 3 of the amended complaint, answering defendants admit that at all material times defendant Foday Turay was an employee of defendant PFG Transco, Inc. and was acting within the course and scope of his employment with that defendant; answering defendants deny the remaining allegations contained in said paragraph 3.

4. Answering defendants deny the allegations contained in paragraph 4 of the amended complaint.

5. Answering defendants deny the allegations contained in paragraph 5 of the amended complaint.

6. Answering defendants deny the allegations contained in paragraph 6 of the amended complaint.

**WHEREFORE**, defendants Foday Turay, PFG Transco, Inc., Kenneth O. Lester Co., Inc., and Performance Food Group, Inc., demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as against these answering defendants, or either of them.

## SECOND AFFIRMATIVE DEFENSE

The within action is barred by virtue of the doctrine of comparative negligence in that the plaintiff's negligence was greater than defendants' alleged negligence, or plaintiff's damages should be reduced by virtue of plaintiff's comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

### THIRD AFFIRMATIVE DEFENSE

If plaintiff sustained injuries as a result of the allegations contained in the Complaint, said injuries were caused, in whole or in part, by the neglect or other fault on the part of others for whose conduct these defendants are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

The liability, if any, of these answering defendants shall be limited in accordance with N.J.S.A. 2A:15-5.3.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff received or is entitled to receive benefits for the injuries allegedly incurred, from sources other than any joint tortfeasor, the amount of these benefits (other than workers' compensation benefits or proceeds from a life insurance policy) which duplicate any benefit contained in the award herein shall be deducted from any award recovered by the plaintiff, less any premium paid, all in accordance with N.J.S.A. 2A:15-97.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate his damages; these answering defendants bear no liability for damages which would otherwise have been avoided or prevented.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries which may have been sustained as alleged in plaintiff's complaint, were brought about, or were made more serious, by the failure of the plaintiff to use an available seat belt or available passenger restraint device.

### EIGHTH AFFIRMATIVE DEFENSE

This matter must be dismissed, or transferred to Monmouth County, where plaintiff resides, or Morris County, where the alleged accident occurred, as Essex County is an improper venue for trial of this matter.

### DEMAND FOR TRIAL BY JURY

Defendants Foday Turay, PFG Transco, Inc., Kenneth O. Lester Co., Inc., and Performance Food Group, Inc., demand trial by jury as to all triable issues of fact.

### DESIGNATION OF TRIAL COUNSEL

Defendants PFG Transco, Inc., Kenneth O. Lester Co., Inc., and Performance Food Group, Inc., designate John C. Lane, Esq. as trial counsel in this matter.

### DEMAND FOR A STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, answering defendants demand that plaintiff submit a statement of the amount of damages claimed in the Complaint in the above-entitled action within five days of service hereof.

### NOTICE PURSUANT TO RULE 1:5-1(a) and RULE 4:17-4(c)

Please take notice that the undersigned attorney does hereby demand, pursuant to Rule 1:5-1(a) and Rule 4:17-4(c), that each party herein serving pleadings and Interrogatories, and receiving answers thereto, serve copies of all such pleadings and answered Interrogatories received from any other party, including documents, papers, deposition transcripts, and other materials referred to therein, upon the undersigned attorney. Please take notice that this is a continuing demand.

Dated:  March 8, 2022              Yours, Etc.,

                                   LAW OFFICES OF JOHN C. LANE
                                   Attorneys for Defendants Foday Turay, PFG Transco, Inc., Kenneth O. Lester Co., Inc., and Performance Food Group, Inc.

                                   _John C. Lane_____
                                   JOHN C. LANE

1.  It is hereby certified that a copy of the within pleading was served upon all counsel of record within the time required by Rule 4:6-1, and it is further certified that the within pleading was served in accordance with Rule 1:5.

2.  The matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I know of no other parties who should be joined in this litigation at this juncture.

Dated: March 8, 2022

*John C. Lane*
_____
JOHN C. LANE

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-009502-21**

**Case Caption:** MASINGILL-MADSEN ERIKA  VS TURAY FODAY
**Case Initiation Date:** 12/10/2021
**Attorney Name:** JOHN C LANE
**Firm Name:** JOHN C. LANE
**Address:** 48 WOODPORT RD STE 1 SPARTA NJ 07871
**Phone:** 9735123244
**Name of Party:** DEFENDANT : TURAY, FODAY
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Answer
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: ERIKA  MASINGILL-MADSEN?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/08/2022                                                                                  /s/ JOHN C LANE
Dated                                                                                       Signed